UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Jessy R. *et al.*,

                                                     Plaintiffs,

      v.

                                                     5:25-cv-01715
                                                       (FJS/MJK)

Watertown City School District *et al.*

                                                   Defendants.

---

Nathan J. Moelker, Esq., for Plaintiffs
Frank W. Miller, Esq., for Defendants

Mitchell J. Katz, U.S. Magistrate Judge

## MEMORANDUM-DECISION and ORDER

Jessy R. and Stephanie B. ("Plaintiffs") individually move to proceed by pseudonym in this action. (Dkts. 6, 7).[1] Watertown City School District; Larry Schmiegel, the superintendent; and Bridgette Gates, a teacher, ("Defendants") oppose both motions. (Dkt. 23-1). For the reasons below, the Court denies Plaintiffs' motions to proceed pseudonymously.

---

[1] Plaintiffs motion also asks the Court to seal documents containing their actual names. (Dkts. 6, 7). As the motion is being denied, the request for sealing is moot.

1

## I. BACKGROUND

Plaintiffs are parents bringing claims on behalf of their children. (Dkt. 1 at ¶¶10-11). Both allege that this case arises from unlawful conduct by Defendants, and both assert claims under 42 U.S.C. § 1983 for alleged First Amendment violations, and Fourteenth Amendment substantive and procedural due process violations. (Dkt. 1 at ¶¶113, 130-32).

## II. LEGAL STANDARD

"The title of [a] complaint must name all the parties," which "serves the vital purpose of facilitating public scrutiny of judicial proceedings." Fed R. Civ. P. 10(a). Rule 10(a) also safeguards "the public's common law right of access to judicial proceedings, which is a right supported by the First Amendment." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (cleaned up).

When evaluating a request by a party to proceed anonymously or pseudonymously, courts conduct a "factor-driven balancing inquiry" that requires discretion in "weighing competing interests." *Anonymous v. Medco Health Solutions, Inc.*, 588 F. App'x 34 (2d Cir. 2014).

*Sealed Plaintiff v. Sealed Defendant*, sets out a non-exhaustive list of factors to consider in balancing a plaintiff's interest in anonymity against the public interest in disclosure and potential prejudice to defendants. 537 F.3d 185, 189-90 (2d Cir. 2008). The factors are:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
>
> *Id.* at 190 (cleaned up).

Applying these factors "is left to the sound discretion of the district court." *N. Jersey Media Group, Inc. v. Doe*, 2012 WL 5899331, at

3

\*4 (S.D.N.Y. Nov. 26, 2012) (citing *Sealed Plaintiff*, 537 F.3d at 190). The Court need only consider the applicable factors. *See id.* at 189 n.4 (explaining that a court "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion."). And there is "a presumption that a plaintiff will proceed under [their] own name, such that pseudonyms are the exception and not the rule." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (cleaned up). "The burden is therefore on the party seeking anonymity to make a case rebutting the presumption in favor of public disclosure." *Id.* (cleaned up).

## III. DISCUSSION

The Court denies Plaintiffs' motions to proceed under pseudonyms. The ten *Sealed Plaintiff* factors—especially the fact that Plaintiffs have not kept confidentiality thus far—weigh significantly against Plaintiffs proceeding under pseudonyms.

### A. The Court denies Plaintiffs' request to proceed pseudonymously because they have affirmatively sought national, regional, and local attention for their case.

The Court declines to allow Plaintiffs to proceed pseudonymously. Factors 2, 3, and 7 weigh heavily against pseudonymity. In finding that

4

these factors weigh heavily against pseudonymity, the Court denies Plaintiffs' request to proceed pseudonymously.

Factors 2 and 3 weigh heavily against Plaintiffs, and factor 7 deals decisively with Plaintiffs' request to proceed pseudonymously. Factors 2 and 3 focus on the harm that identification would cause Plaintiff. The relevant inquiry is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (cleaned up). To show harm, a "plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of [their] identity." *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021). Conclusory statements regarding harm are of "limited utility." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021). Factor 7 looks to whether confidentiality has been maintained thus far in the litigation. *See Sealed Plaintiff*, 537 F.3d at 190. "Prior disclosure to the public of a plaintiff's identity effectively nullifies the shield of privacy provided by proceeding anonymously." *Doe v. Solera Cap, LLC.*, 2019 WL 1437520, at *7 (S.D.N.Y. Mar. 31, 2019) (cleaned up).

Plaintiffs have offered nothing beyond conclusory statements regarding harm. Instead, Plaintiffs seek pseudonymity to avoid the general risk of revealing the identities of the minor children on whose behalf they are suing. (Dkts. 6 at 1, and 7 at 1-2). This is a very important consideration, except in this case, as Plaintiffs have affirmatively sought public attention for their case.[2] Instead of keeping confidentiality, Plaintiffs have made television appearances; identified themselves and spoken at a public Board of Education meeting; and been the subject of several news articles and press releases created by the American Center for Law and Justice.[3] What's more, at one Public Board of education, one of the children involved in this litigation identified themselves and spoke about the incident that precipitated this case. (Dkt. 23-6). Indeed, Plaintiffs themselves admit that "professional journalists" have addressed this case, and that "[l]ocal media covered the controversy surrounding the incident, and the story gained regional and national attention." (Dkt. 1 at ¶¶ 67, 69).

---

[2] *See* (Dkts. 23-2, 23-3, 23-4, 23-5, 23-6).
[3] *See* (Dkts. 23-2, 23-3, 23-4, 23-5, 23-6).

6

Again, "[p]rior disclosure to the public of a plaintiff's identity effectively nullifies the shield of privacy provided by proceeding anonymously." *See Doe v. Cornell Univ.*, 3:19-CV-1189 (MAD/ML), 2021 U.S. Dist. LEXIS 248809, at 21 (N.D.N.Y. Jan. 28, 2021). And because Plaintiffs have nullified the shield of privacy by bringing attention to this case, factors 2, 3, and 7 foreclose Plaintiffs from proceeding pseudonymously.

*  *  *

After weighing the *Sealed Plaintiff* factors, the Court finds that Plaintiffs have failed to prove that exceptional circumstances exist that would support allowing them to proceed pseudonymously. Therefore, their request to proceed pseudonymously is denied.

## IV. CONCLUSION

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Jessy R. and Stephanie B.'s motions (Dkts. 6, 7) be **DENIED** except that the minor children will continue to be identified by initials only; and it is further

**ORDERED**, that Plaintiffs file an amended complaint with their actual names (identifying the minor children by initials only) no later than one week after date of uploading and the Clerk of Court is respectfully directed to substitute the actual names of the adult Plaintiffs on the docket of this action. This case shall proceed with the caption so amended.

Dated: March 2, 2026.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge